Dear Mr. Doughty:
This office is in receipt of your opinion request of August 16, 2000 wherein you ask whether the Richland Parish Police Jury can declare a fire ban for the parish.
The Louisiana Legislature passed Act 259 of 1977 which amended and reenacted Paragraph (31) of R.S. 33:1236 to state that the police juries shall have the following power:
 "To enact ordinances to require, prohibit, or regulate the destruction, disposal, or burning of trash, garbage, leaves, limbs and branches, or debris of any kind and to regulate dumping and the use of borrow pits for sanitary fill."
This act clearly authorizes the Richland Parish Police Jury to regulate the burning of trash in the parish. In this respect, the police jury is authorized to enact an ordinance to prohibit or regulate the burning of trash in Richland Parish.
In its ordinance the Police Jury has the authority to place guidelines and restrictions on the burning of the trash, as well as, set forth penalties for noncompliance. Since, your inquiry also addressed procedures I would like to bring to your attention the existing Air Quality Regulations, promulgated by DEQ, which contain general prohibitions against outdoor burning of "waste material or other combustible material." Louisiana Administrative Code 33:III.1109.B. However, eleven situations are enumerated as exceptions to this general prohibition, under which the outdoor burning of waste material or other combustible material may be conducted if no public nuisance will be created, and if the burning is not prohibited by any other applicable laws, regulations, or governmental orders. LAC 33:III.1109.C.
Because the legislature has vested in the Department of Environmental Quality the authority to regulate air pollution within the state (see La. R.S. 30:2054) Richland Parish could not enact ordinances, or take other actions, which would interfere with the enforcement by DEQ of its duly-promulgated Air Quality Regulations.
It should be noted that burning in violation of the Air Quality Regulations will be prohibited in Richland Parish, regardless as to whether it strictly adheres to the requirements of the parish ordinances. Compliance with those ordinances does not necessarily equate with compliance with the Air Quality Regulations. Thus, a person who is burning in compliance with the ordinances but in violation of Section 1109 of the Air Quality Regulations is subject to the enforcement authority of DEQ, including civil fines of up to $25,000.00 per day of non-compliance. La. R.S. 30:2025.E. If the activities are in violation of a previous Compliance Order issued by DEQ, the maximum fines escalate to $50,000.00 per day. Id. Furthermore, if the illegal activities are engaged in willfully and knowingly, the violator is subject to criminal penalties. La. R.S. 30:2025.F. Under certain circumstances, these criminal penalties can include imprisonment at hard labor for up to ten years, and a fine of $100,000.00 per day.
Therefore, any ordinance adopted by Richland Parish should be balanced against the duly-promulgated Air Quality Regulations.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ R. GAYLE HARRELL JACKSON ASSISTANT ATTORNEY GENERAL
RPI/ghj